UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RUSSELL C. HOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-4068-C-NKL |
| | ) | |
| UNITED PARCEL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW Defendant United Parcel Service, Inc. ("UPS"), by and through its counsel, and for its Answer to Plaintiff's Complaint states:

1. UPS admits that Plaintiff purports to bring this action pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4333 ("USERRA"), but denies that a cause of action exists.

## JURISDICTION AND VENUE

2. UPS admits that Plaintiff alleges that this Court has subject matter jurisdiction of this action pursuant to 38 U.S.C. § 4323(b), but denies that subject matter jurisdiction in fact exists and denies that Plaintiff is entitled to any of the relief requested in his Complaint.

3. UPS admits that venue is proper in this district and that UPS operates a business in this judicial district, but denies that a cause of action exists and denies all remaining allegations in paragraph 3 of Plaintiff's Complaint not specifically admitted herein.

## PARTIES

4. UPS is without sufficient knowledge as to the residency of Plaintiff, and therefore denies the allegations in paragraph 4 of Plaintiff's Complaint.

5. United Parcel Service, Inc., an Ohio corporation, employed Plaintiff Russell Hogan. UPS maintains its corporate headquarters in Atlanta, Georgia and has a place of business within this judicial district. UPS denies all remaining allegations in paragraph 5 of Plaintiff's Complaint not specifically admitted herein.

## COUNT I

6. UPS is without sufficient knowledge concerning the allegations in paragraph 6 of Plaintiff's Complaint and therefore denies same.

7. UPS admits that in 1992, Plaintiff was hired by UPS as a part time package handler in its Sedalia, Missouri facility and that he became a full time tractor trailer ("feeder") driver at UPS' Sedalia, Missouri facility in 1996. Plaintiff drove UPS tractor-trailer trucks between the Sedalia facility and another UPS facility. UPS further states that in 2003, Plaintiff's job/route often involved pulling empty trailers from Sedalia. UPS denies all remaining allegations in paragraph 7 of Plaintiff's Complaint not specifically admitted herein.

8. UPS states that it is without sufficient knowledge concerning the allegations in paragraph 8 of Plaintiff's Complaint and therefore denies same.

9. UPS admits that in February 2003, Plaintiff informed UPS that the Air Force Reserve had ordered him to report for military service and that Plaintiff worked as a feeder driver at UPS' facility in Sedalia, Missouri at that time. UPS states that it is without sufficient knowledge concerning the remaining allegations in paragraph 9 of Plaintiff's Complaint and therefore denies same.

10. UPS admits that Plaintiff reported for military service in approximately February 2003, but states that it is without sufficient knowledge concerning the remaining allegations in paragraph 10 of Plaintiff's Complaint and therefore denies same.

11. UPS states that it is without sufficient knowledge concerning the allegations in paragraph 11 of Plaintiff's Complaint and therefore denies same.

12. UPS denies the allegations in paragraph 12 of Plaintiff's Complaint.

13. UPS admits that several months after Plaintiff left for military duty, his bid job/route was eliminated by UPS due to volume/efficiency. Between April and June 2003, Plaintiff's route often involved pulling empty trailers from Sedalia, Missouri to Lenexa, Kansas and pulling two trailers from Lenexa. UPS determined that the trailers Plaintiff's job pulled from Lenexa could be more efficiently transported by <u>two</u> drivers who had empty slots leaving Lenexa. UPS moved the trailers which Plaintiff's job pulled from Lenexa to those two drivers' jobs in July 2003, leaving Plaintiff's route pulling empty trailers to and from Lenexa. Accordingly, UPS eliminated Plaintiff's bid job/route in July 2003 due to business reasons. UPS denies all remaining allegations in paragraph 13 of Plaintiff's Complaint not specifically admitted herein, and specifically denies that Plaintiff's route/job was eliminated in a "series of steps."

14. UPS admits that while Plaintiff was on military duty, his job/bid route was eliminated due to a decrease in volume and for efficiency reasons. UPS states that the loads Plaintiff pulled from Lenexa, Kansas were transferred to two drivers who had empty slots when they left Lenexa. UPS denies all remaining allegations in paragraph 14 of Plaintiff's Complaint not specifically admitted herein.

15. UPS denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. UPS denies the allegations in paragraph 16 of Plaintiff's Complaint.

## COUNT II

17. UPS incorporates by reference its responses to paragraphs 1 through 14 of Plaintiff's Complaint as if set forth fully herein.

18. UPS admits that in approximately April 2004, Plaintiff notified UPS that he would soon be released from military service and wanted to return to work at UPS. UPS states that it is without sufficient knowledge concerning the remaining allegations in paragraph 18 of Plaintiff's Complaint and therefore denies same.

19. UPS states it is without sufficient knowledge concerning the allegations in paragraph 19 of Plaintiff's Complaint and therefore denies same.

20. UPS states that Plaintiff's feeder driver job in Sedalia, Missouri was eliminated in approximately July 2003, and therefore it could not reemploy Plaintiff in his previous position when he returned to work in April 2004. However, in accordance with the collective bargaining agreement, UPS offered Plaintiff three options for reemployment when he returned from military service. UPS denies that it refused to reemploy Plaintiff and denies all remaining allegations in paragraph 20 of Plaintiff's Complaint not specifically admitted herein.

21. UPS denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. UPS states that Plaintiff's feeder driver job in Sedalia, Missouri had been eliminated and therefore it could not reemploy Plaintiff in his previous position when he returned to work in April 2004. However, in accordance with the collective bargaining agreement, UPS offered Plaintiff three options for reemployment when he returned from military service. Plaintiff was a member of Teamsters Local 41 while UPS hourly employees in Columbia, Missouri are members of Teamsters Local 688. UPS denies that it was required to re-employ Plaintiff in his previous job which no longer existed or to offer Plaintiff a job in Columbia, Missouri and denies all remaining allegations in paragraph 22 of Plaintiff's Complaint not specifically admitted herein.

23. UPS admits that it offered Plaintiff three options for reemployment when he returned from military service in 2004. Pursuant to the collective bargaining agreement, these options included: (1) bump two part-time employees who worked at the Sedalia facility handling packages; (2) attempt to qualify as a package car driver in Sedalia; or (3) bump a less senior feeder driver anywhere in Local 41. Mr. Hogan selected the third option and took a feeder driver job in Lenexa, Kansas. UPS denies all remaining allegations in paragraph 23 of Plaintiff's Complaint not specifically admitted herein.

24. UPS admits that the package handling job UPS offered Plaintiff paid less than his feeder driver job. UPS states that it is without sufficient knowledge concerning the allegations about whether Plaintiff could qualify for the package car driver job and therefore denies same. UPS admits that Plaintiff accepted the feeder driver job in Lenexa, Kansas and was employed by UPS until late 2005 when he resigned. UPS denies all remaining allegations in paragraph 24 of Plaintiff's Complaint not specifically admitted herein.

25. UPS admits that Plaintiff accepted the job in Lenexa, Kansas in approximately April or May 2004 and held that job until approximately May 2005 when he took another military leave of absence from UPS. UPS states that it is without sufficient knowledge concerning the remaining allegations in paragraph 25 of Plaintiff's Complaint and therefore denies same.

26. UPS is without sufficient knowledge concerning the allegations in paragraph 26 of Plaintiff's Complaint and therefore denies same.

27. UPS states that Plaintiff's feeder driver job in Sedalia, Missouri had been eliminated in approximately July 2003 and it was not required to offer Plaintiff a job in

Columbia, Missouri which is part of a different Teamsters local.  UPS denies all remaining allegations in paragraph 27 of Plaintiff's Complaint not specifically admitted herein.

28. UPS admits that in approximately May 2005, Plaintiff left UPS again on military leave.

29. UPS admits that in October or November 2005, Plaintiff failed to return to work after his 2005 military service ended, and he resigned from UPS.

30. UPS denies that it was required to reemploy Plaintiff as a feeder driver in Sedalia or Columbia, Missouri and denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. UPS denies the allegations in paragraph 31 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

UPS denies that Plaintiff has stated a cause of action and denies that Plaintiff is entitled to any of the relief requested in his Complaint.

32. UPS denies the allegations in paragraph 32 of Plaintiff's Complaint.

33. UPS denies that Plaintiff is entitled to the relief requested in paragraph 33 and denies that it was required to reemploy Plaintiff as a feeder driver in either Sedalia or Columbia, Missouri.

34. UPS denies that Plaintiff is entitled to the relief requested in paragraph 34.

35. UPS denies that Plaintiff is entitled to the relief requested in paragraph 35.

36. UPS denies that Plaintiff is entitled to the relief requested in paragraph 36.

37. UPS denies that Plaintiff is entitled to the relief requested in paragraph 37.

38. UPS denies that Plaintiff is entitled to the relief requested in paragraph 38.

**DEFENSES AND AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitation.

3. Plaintiff's Complaint is barred in whole or in part by his failure to exhaust his administrative remedies.

4. Plaintiff's Complaint is barred in whole or in part by judicial estoppel.

5. Plaintiff's claims in Counts I and II are barred in whole or in part by the doctrines of estoppel, laches and/or waiver.

6. Plaintiff's claims in Counts I and II are barred in that Defendant UPS' decisions concerning plaintiff's employment were motivated by legitimate, non-discriminatory business reasons.

7. Plaintiff's claims in Counts I and II are barred because Plaintiff has failed to mitigate his damages.

8. Plaintiff's claims in Counts I and II are barred because UPS would have taken the same employment actions with respect to Plaintiff regardless of his military service.

9. Plaintiff has failed to demonstrate any damages, losses, or entitlement to relief.

10. UPS was not required to reemploy Plaintiff in his feeder driver bid job in Sedalia, Missouri due to changed circumstances and/or undue hardship because that bid job was eliminated for business reasons in July 2003.

Defendant UPS reserves the right to further respond and to assert additional affirmative defenses as may be indicated by discovery or investigation.

WHEREFORE, Defendant United Parcel Service, Inc. prays that the Court deny the relief requested in Plaintiff's Complaint, enter judgment in favor of Defendant UPS and against Plaintiff, award Defendant UPS its costs and attorneys' fees and any further relief the Court deems just and proper.

ARMSTRONG TEASDALE LLP

BY: /s/ Jennifer L. Arendes
Daniel K. O'Toole #38051
Jennifer L. Arendes #46638
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)

ATTORNEYS FOR DEFENDANT
UNITED PARCEL SERVICE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Charles M. Thomas
Office of the United States Attorney
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
charles.thomas@usdoj.gov

and I hereby certify that the forwarded the foregoing via email to the following:

Jeffrey G. Morrison
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4613
Washington, DC 20530
jefffrey.morrison@usdoj.gov

/s/ Jennifer L. Arendes